Opinion issued November 6, 2003.















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00771-CR




ROSHAN KARASAN BHAKTA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause No. 1091912


 
 
O P I N I O N
          Appellant, Roshan Karasan Bhakta, was charged by information with driving while
intoxicated (DWI). He filed a motion to suppress the results of his breath test. Following
a hearing, the court denied his motion to suppress, and appellant plead guilty to DWI,
receiving a sentence of three days in jail and a fine of $500. On appeal, appellant alleges that
(1) the trial court erred in finding that the State’s breath test expert, Ricky Viser, was
qualified to testify as an expert and (2) there were insufficient facts known about appellant
for a retrograde extrapolation to be reliable.BACKGROUND
           At 3:02 A.M. on December 13, 2001, Officer B. Eichenberg of the Houston Police
Department pulled appellant over for suspected DWI. A breath test was administered at 4:27
A.M., and appellant tested positive for alcohol. A second breath test was given at 4:30 A.M. 
The first test had a result of .149 and the second test had a result of .163. Appellant
stipulated that he had his last drink at 2:00 A.M. The State used retrograde extrapolation to
establish that appellant was legally intoxicated at the time that he was pulled over. 
           At the suppression hearing, Ricky Viser testified that he was a breath test supervisor
for the Houston Police Department Crime Laboratory. He explained that retrograde
extrapolation is a method of taking the result of a breath test and estimating what the blood
alcohol content (BAC) of the driver would have been at an earlier time, usually that of the
arrest or stop. He further testified that since he knew the time of appellant’s last drink and
the time of the stop, he could assume that appellant was in the elimination phase and, thus,
extrapolation with only one test was possible. He proceeded to perform extrapolations based
on various hypotheticals, including a hypothetical with the specific known facts of the
appellant. During his cross-examination, Viser discussed some of the possible difficulties
associated with retrograde extrapolation, focusing on the problems that could occur when the
time of the last drink and the presence of food were not known, but stated that only certain
characteristics are needed in order to extrapolate.
           Appellant contends that the trial court erred in overruling his suppression motion
because (1) the testimony of the State’s expert, Ricky Viser, was unreliable, which would
disqualify him as an expert, and (2) there was insufficient factual evidence on which to base
the extrapolation, thus causing the probative value of the extrapolation to be substantially
outweighed by its unfairly prejudicial effect.DISCUSSION
Standard of Review
           The standard of review for the admissibility of evidence is an abuse-of-discretion
standard. See Weatherred v. State, 15 S.W. 3d 540, 542 (Tex. Crim. App. 2000). A trial
court abuses its discretion when its decision lies outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). In determining whether
the trial court abused its discretion, we consider whether the court acted without reference
to guiding rules or principles; that is, whether the court acted arbitrarily or unreasonably. Id
at 380.
Extrapolation Reliability
           Appellant contends that the trial court erred in finding that the State’s expert was
qualified to testify as an expert because his testimony regarding retrograde extrapolation was
inconsistent and he did not have sufficient knowledge of the science underlying retrograde
extrapolation. 
           The Court of Criminal Appeals held in Mata v. State that retrograde extrapolation can
be reliable in a given case, but that the expert’s ability to apply the science and explain it with
clarity to the court is a paramount consideration. Mata v. State, 46 S.W.3d 902, 916 (Tex.
Crim. App. 2001). The expert must demonstrate some understanding of the difficulties
associated with the extrapolation and an awareness of the subtleties of the science and risks
inherent in any extrapolation. Id. Finally, he must be able to apply the science clearly and
consistently. Id. Therefore, in order to use retrograde extrapolation, a State’s expert must
demonstrate his ability to use and to explain the technique.
           In Mata, the court found that the retrograde analysis was unreliable because the
testimony of the State’s expert was inconsistent, the length of time between the breath test
and the stop was significant, and the State’s expert did not know any significant
characteristics about Mata, including whether he had eaten, when his last drink was, or even
Mata’s weight. Mata 46 S.W.3d at 917. The State’s expert apparently contradicted himself
on the length of the absorption phase, Mata’s probable BAC at the time of the stop, the
number of drinks needed to increase from below a .10 to a .19 BAC, and the average
elimination rate. Id. at 915. 
           In the present case, Viser explained the use and methods of retrograde extrapolation
in a clear and understandable manner. First, Viser’s seven years of employment as a
technical supervisor with a background in both biology and chemistry, while not
determinative of his expertise, suggests that he has the general background to perform
retrograde extrapolations. He testified that he had practical experience in calculating BAC
using retrograde extrapolation and had taken part in studies calculating BAC in controlled
settings. Viser explained the scientific theories underlying retrograde extrapolation and
demonstrated an understanding of the methodology and risks inherent in using retrograde
extrapolation. Further, Viser used retrograde extrapolation to calculate BACs in response
to hypothetical situations, including one in which all of appellant’s known characteristics
were given. He explained how certain factors, such as whether a person had an empty or full
stomach and what kind of food had been eaten, would affect how alcohol was absorbed and
thus the blood alcohol level. While Viser did fail to convey to the court how Henry’s Law
and Boyle’s Law applied to retrograde extrapolation, his explanation of retrograde
extrapolation itself was not affected. Viser’s testimony was useful for a factfinder to
properly understand how retrograde extrapolation was used and possible problems that could
arise when making an extrapolation. Therefore, the trial court did not abuse its discretion by
allowing Viser to testify. We overrule appellant’s first point of error.
Factual Considerations
           In his second point of error, appellant argues that there was insufficient factual
evidence on which to base an extrapolation and thus the probative value of the evidence was
outweighed by the prejudicial effect.
           A court evaluating the reliability of a retrograde extrapolation should consider 
(a) the length of time between the offense and the test(s) administered; (b) the
number of tests given and the length of time between the tests; and (c)
whether, and if so, to what extent, individual characteristics of the defendant
were known to the expert in providing his extrapolation, including, but not
limited to the person’s weight and gender, the person’s typical drinking pattern
and tolerance for alcohol, how much the person had to drink on the day or
night in question, what the person drank, the duration of the drinking spree, the
time of the last drink, and how much and what the person had to eat before,
during, or after the drinking. 

Mata, 46 S.W.3d at 916. However, “not every single personal fact about the defendant must
be known to the expert in order to produce an extrapolation with the appropriate level of
reliability.” Id. Thus, using retrograde extrapolation to determine a person’s BAC level after
an arrest requires that the person calculating the retrograde extrapolation have sufficient
known facts to determine what the driver’s probable breath test score was at the time of
driving. 
           In the present case, appellant stipulated to the time of his last drink, his weight and
height, the time of the breath tests, the results of the breath tests, his last meal prior to being
stopped, and the time of that meal. The breath tests were performed two and one-half hours
after appellant’s last drink—an hour and one-half after appellant was stopped. The longer
the period between the stop and the BAC test tends to diminish the reliability of the tests. See
Mata, 46 S.W.3d at 916. However, a significant number of appellant’s personal
characteristics were known, both those facts stipulated to and facts used in each individual
calculation, which would tend to increase the reliability of the extrapolation. Id. A rational
trier of fact could find that a reasonable extrapolation could take place, despite the delay
between the stop and testing, given this knowledge of the appellant’s personal characteristics. 
We hold that there was sufficient evidence on which to base an extrapolation and that the
probative value was not outweighed by any prejudicial effect of Viser’s testimony. We
overrule appellant’s second point of error.Conclusion
           We affirm the decision of the trial court.
 
 


                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Publish. Tex. R. App. P. 47.2(b).